## Commonwealth v. Cloud

*Ernest E. Heim,* for prosecutrix.
*Julian W. Barnard,* for defendant.

CORSON, J., October 26, 1949.—Defendant was arrested on June 6, 1949, upon the charge of failure to support his wife. At the time of his arrest defendant was in the Navy, and his wife was working and earning $135 per month. Mrs. Cloud was receiving a Government allotment of $80 per month for herself and son. Defendant earned about $190 per month, of which $22 was applied to the $80 allotment. Of his remaining $168 per month he had been voluntarily sending Mrs. Cloud an additional $120 per month, leaving $48 per month for himself.

While the obligations of these parties in the purchase of a home were admittedly large, yet upon the stand Mrs. Cloud frankly admitted that at the time of her husband's arrest she was receiving a total of at least $200 per month from her husband. She frankly admitted that this was adequate for the support of her child and herself—this being particularly true when considered in connection with her own earnings of $135 per month. Certainly her support was greater than any order a court might have made in her favor.

Prior to the time of defendant's arrest, admittedly he had asked his wife and child to come to Norfolk, and while Mrs. Cloud contended that the offer was not made in good faith yet she also admitted that under no circumstances would she have gone, or would she now go, to live with her husband in Norfolk. The action of the trial judge, however, does not have to be based upon such a refusal. The trial judge ruled that there having been no nonsupport at the time defendant was arrested, defendant could not be found guilty of having failed to support his wife, and that no order should be made. Not only was prosecutrix being adequately supported at the time of defendant's arrest, but she continued to receive $200 on two occasions during less than a two-month period following defendant's arrest.

The Commonwealth filed exceptions to the refusal of the trial judge to make an order, upon the theory that since defendant had written to his wife stating that he was going to cut off the voluntary allotment of $120 per month, he had thereby failed to support his wife. With this contention we cannot agree. Nonsupport is a quasi-criminal proceeding. In fact, in the present case, it was so much a criminal proceeding that defendant was arrested and held in jail for some period of time before he was able to be released on bail. It is more or less tacitly admitted that prosecutrix had her husband arrested on June 6, 1949, because he was in the jurisdiction of Montgomery County at the time rather than because he was in default in any way or guilty in any degree of failing to support his wife and child.

If a man can be arrested and jailed merely upon his statement that at sometime in the future he is going to refuse to support his wife, it would seem to be new law in the Commonwealth of Pennsylvania. Certainly a threat to commit a quasi-criminal offense is not sufficient ground for jailing the person making such a threat. A husband so threatening, even though he be not a woman, still has the right to change his mind, and until he carries out his threat he cannot be guilty of failing to support his wife.

The Commonwealth contends that the case should have been continued until sometime in the future when the husband became guilty of nonsupport, and that an order could be made at that time. We feel, however, that the question of whether or not a man is guilty of nonsupport is determined by the situation at the time the information is made in the case. Admittedly, at such time defendant was not guilty of nonsupport and from the statements of counsel for defendant, at the argument, even though the $120 allotment has been cut off defendant is still providing in the neighborhood of

$140 per month for his wife. While the difficulty of again being able to arrest defendant in this county may be a real difficulty, yet that difficulty cannot be considered in passing upon the merits of the present exceptions. While counsel for prosecutrix has filed a comprehensive and able brief, yet we feel that none of the authorities cited therein are applicable to the facts in the present case.

And now, October 26, 1949, for the reasons given, the exceptions of the Commonwealth to the order of the trial judge in refusing to make an order and dismissing the case are dismissed.